[See 12 Fed. 325.]

## Case No. 17,145.

In re WARD.

[9 N. B. R. 349.] [1]

District Court, E. D. Michigan. 1874.

BANKRUPTCY—ATTACHMENTS—ALLOWANCE OF COSTS—EXPENSES OF CREDITORS.

1. Under the statutes of Michigan, an attaching creditor acquires a lien upon the property attached, for both his debt and his costs; but those statutes make no provision for the retention of any lien for either, in case his attachment is dissolved, neither in favor of the plaintiff in the attachment, nor the officer who makes the levy, and no such provision is found in the bankrupt law.

2. In all cases where it appears that attachment proceedings were not instituted with a view of obtaining a preference, but were merely auxiliary to bankruptcy proceedings, and so for the benefit of all the creditors, the costs and expenses of such attachment proceedings will be allowed.

[Cited in Re Hatje, Case No. 6,215.]

3. The omission of the attachment creditors to commence proceedings in bankruptcy is not sufficient to rebut the positive averment in the petition that the attachment proceedings were not taken to defeat the operation of the bankrupt act [of 1867 (14 Stat. 517)].

4. Expenses of creditors in attending first meeting of creditors must be disallowed; likewise the charges of a deputy sheriff for attempting to arrest the debtor, because there was nothing in the evidence to show its necessity, or that it resulted in any benefit to the estate.

On the petition of James McDonnell, Charles P. Burrell and Henry Gallagher, comprising the firm of McDonnell, Burrell & Co., attaching creditors, for the allowance of the costs and expenses of their attachment proceedings. The grounds of the application are: (1) That the attachment proceedings were not for the purpose or in the prosecution of an attempt to defeat the provisions or operation of the bankrupt act; but, on the contrary, were for the purpose of securing the assets of the bankrupt [George S. Ward] for the benefit of all the creditors under the provision of the act. (2) That the same operated beneficially to the estate, and secured to the creditors the only property realized to the estate. (3) That a valid lien for said costs and expenses was acquired by the said attaching creditors, upon the property attached, by the laws of Michigan.

(4) That the property attached was promptly surrendered by the sheriff to the messenger and to the assignee, by direction of petitioners, with the understanding that petitioners' claim for said costs and disbursements, should be referred to the court for allowance, if just. (5) That more than four-fifths of all the creditors in amount have consented to and requested the allowance of the claim. (6) That said claim is a just and proper charge against the estate.

On filing the petition an order was made requiring the assignee to show cause why the same should not be allowed. On the return day of the order the assignee appeared, but put in no answer to the petition. The facts alleged in the petition, therefore, stand undisputed, and, the same being duly verified, must be taken as true. Subsequently, however, the matter having been held under advisement by the court, the assignee handed to the judge the following objections, in writing, to the granting of the petition: (1) That the said attaching creditors are not the petitioning creditors upon whose petition the said George S. Ward was adjudicated a bankrupt, and that the facts stated in their petition do not show any reason or excuse for not commencing proceedings in bankruptcy themselves. (2) That the claim is large and in many respects extraordinary. The two attachments sued out—one in this state and one in New York—amounted to nothing, because the first was dissolved by the adjudication, and the other was a nullity, because sued out after the petition for adjudication was filed. (3) That one C. A. Holmes, an under-sheriff of Saginaw county, has presented to the assignee a claim for one hundred and forty dollars, growing out of the attachment proceedings in this state, in addition to petitioners' claim. (4) Denies that he has admitted the equity of, or has consented to, the allowance of petitioners' claim. (5) Objects to the allowance of the item in petitioners' claim for forty dollars for expenses of "Burrell to Detroit in appointment of assignee." (6) That the law does not contemplate the allowance of such an account or claim. (7) That the decisions of the United States courts and of this court are against it. (8) Denies that any lien accrued to petitioners for said costs and expenses enforceable in this court.

In support of the petition the following are cited: In re Houseberger [Case No. 6,734]; Gardner v. Cook [Id. 5,226]; 2 Comp. Laws Mich. §§ 6402, 6405, 6406, 6435.

And in support of the assignee's objections, the following: Section 28 of the bankrupt act; Zeiber v. Hill [Case No. 18,206]; In re Archenbrown [Id. 503]; Gardner v. Cook [supra].

D. B. & H. M. Duffield, for petitioners.

F. G. Russell, assignee, in person, opposed

LONGYEAR, District Judge. I shall not take up the grounds of the petition nor the as-

signee's objections in the order in which they are stated, but they will all be disposed of in the course of the opinion.

First. As to the question of lien by an attachment creditor, for his costs and disbursements. Under the statutes of Michigan an attaching creditor acquires a lien upon the property attached, for both his debt and his costs. Those statutes, however, create no different or more extended lien in regard to the costs than in regard to the debt, and make no provision for the retention of any lien for either, in case the attachment is dissolved, neither in favor of the plaintiff in the attachment nor of the officer who makes the levy. And no such provision is found in the bankrupt law. Therefore, the lien for the debt and for the costs, being precisely the same in all respects in regard to the means by which it is acquired and the tenure by which it is held, when such lien ceases by reason of the dissolution of the attachment, as to the one, it must necessarily cease as to the other. That it ceases as to the debt, in case of dissolution, by operation of the bankruptcy act, there is, and can be, no question; from which it follows that the lien also ceases, as to the costs. This disposes of petitioners' third ground of claim. The rights of the officer making the attachment are at most no greater than those of the attaching creditor. In fact, I find nothing in the statutes of Michigan conferring upon him in such cases any specific lien in any event. But without discussing or deciding that question here it is sufficient to say, that in case of dissolution of any attachment by operation of the bankrupt law, the officer making the attachment has no lien whatever for his costs and disbursements. In such case he must look to the plaintiff in attachment alone for the same, and in no case can he withhold the property from the messenger or assignee of this court on account of the same; nor has he the legal right, in any event, to look to the assignee or to the assets in this court for the same. There may be peculiar circumstances under which the court might direct such officer to be paid his costs and disbursements out of the assets, but no such question is presented here. This disposes of the assignee's third objection.

Second. But it does not necessarily follow that because there is no lien the court may not allow petitioners' claim. In all cases where it appears that attachment proceedings were not instituted with a view of obtaining a preference, but, on the contrary, were merely auxiliary to bankruptcy proceedings in view, and so for the benefit of all the creditors, the costs and expenses of such attachment proceedings will be allowed for the same reasons and in the like cases as the costs and expenses of petitioning creditors are allowed. Perhaps, on account of distance from the bankruptcy court, proceedings by attachment may be the only means by which the property of a fraudulent

debtor may be secured and retained or brought within the reach of that court. In such cases, and when the attachment proceedings are prosecuted for that purpose, a claim by the attaching creditors to be reimbursed out of the property thus secured is highly meritorious, and will always be allowed. Although not stated in so specific terms as could be desired, yet taken together, such I understand to be the basis of the present claim; and upon that basis, and that alone, the claim must be allowed, if at all.

It is objected that the petitioners herein were not the petitioning creditors for adjudication of bankruptcy. It is true that fact is prima facie against them; but it is to be observed that only nine days elapsed between the commencement of their chase after the property under the attachments and the filing of the petition for adjudication; that the chase continued during nearly, if not quite all, that time, and extended to a distant point in another state; and that the last of the property secured was in fact not secured until after the petition for adjudication was filed; and that the petitioning creditors themselves acknowledge the justice of the claim and have joined with other creditors—in all representing more than four-fifths in amount of all the creditors—in a written request to the court to allow the claim.

Under all the circumstances I think the omission of petitioners to commence proceedings in bankruptcy until such proceedings had been commenced by another creditor, was not unreasonable; at all events it is not sufficient to rebut the positive averment sworn to in the petition, and not denied, that the attachment proceedings were not taken to defeat the operation of the bankrupt act.

The claim is also highly meritorious on another ground. It is evident that the attachment proceedings resulted in securing to the creditors all the assets that have come to the estate, and that without those proceedings it is highly probable that nothing whatever would have been secured. Without going into an analysis of the decisions to which the attention of the court has been called, it is sufficient to say that I have examined them and find nothing necessarily in conflict with the views herein expressed.

Two of the items of the claim, viz.: "July 31, Burrell to Detroit in appointment of assignee, forty dollars," and "June 24, C. A. Holmes, under-sheriff, in effort to arrest Ward, fifty dollars," must be disallowed. The first, because expenses of creditors in attending meetings of creditors to vote for assignee, or otherwise, are not allowed; and the other, because there is no showing of its necessity, or that it resulted in any benefit to the estate.

Deducting these items, the balance of the claim is five hundred and ten dollars and fifty-eight cents, at which amount it must be allowed. Ordered accordingly.