## In re ALLEN.

(District Court, N. D. California.  September 11, 1899.)

No. 2,888.

1. BANKRUPTCY—PRIORITY OF CLAIMS—COSTS OF ATTACHMENT.
    Where the lien of an attachment levied on personal property is dissolved by the adjudication of the debtor as a bankrupt within four months after the commencement of the attachment suit, the creditor's claim for the costs incurred in the attachment proceedings prior to the filing of the petition in bankruptcy is a provable debt, but is not entitled to priority of payment, nor is it a lien on the proceeds of the trustee's sale of the property which was attached.

2. SAME.
    Expenses defrayed by an attaching creditor of the bankrupt, after the dissolution of his lien by the adjudication in bankruptcy, in storage of the attached property and the pay of a keeper, will be entitled to priority of payment out of the estate, but only to the extent of the "actual and necessary cost of preserving" the property (Bankruptcy Act, § 64); and the court is not bound to allow the full sum actually expended by the creditor, but only so much as it shall find to have been reasonably necessary for the purpose.

In Bankruptcy.    On review of ruling of referee in bankruptcy.

L. T. Hatfield, for creditor.
Wm. P. Johnson, for bankrupt.

DE HAVEN, District Judge.    The Sullivan-Kelley Company presented its claim to the referee in the sum of $106.45 on account of costs incurred by it as plaintiff in an attachment suit pending against the bankrupt at the date of the adjudication, and commenced within four months prior to the date of filing the petition in bankruptcy, and asked that the same might be allowed and paid in full as a debt entitled to priority of payment out of the proceeds arising from the sale of the property attached.    A portion of this claim—$34.38—was for costs which accrued prior to the filing of the petition in bankruptcy, and included storage and fees of keeper of the attached property up to that date, and the balance of $72.07 was for fees of keeper and other expenses in relation to the property subsequent thereto and prior to the qualification of the trustee.    The referee disallowed that portion of the claim relating to costs, storage, and fees of keeper incurred prior to the filing of the petition in bankruptcy, and allowed only $45.07 for fees of keeper and other expenses on account of the property subsequent to that date.    The ruling of the referee in relation to each portion of the claim was excepted to by the Sullivan-Kelley Company, and is now before the court for review.

1. The referee erred in refusing to allow that portion of the claim which included the costs incurred in the attachment suit prior to the filing of the petition in bankruptcy.    Under subdivision 3 of section 63 of the bankruptcy act, "a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt" may be proved and allowed as a debt against the bankrupt, but is not entitled to priority of payment over unsecured claims.    The debts entitled to priority of payment are enu-

merated in section 64 of the same act, and a claim for costs incurred by a creditor in attachment proceedings prior to the adjudication in bankruptcy is not included; nor is the claim for such costs a lien upon the proceeds arising from the trustee's sale of the attached property. It is true that, under the laws of the state of California, the Sullivan-Kelley Company acquired a lien upon the property attached in its suit against the bankrupt for the satisfaction of any judgment which it might recover in that action, and which judgment would, of course, include the costs of the action; but this lien was dissolved by the adjudication in bankruptcy (subdivisions c, f, § 67, Id.; In re Ward, 9 N. B. R. 349, Fed. Cas. No. 17,145), leaving to that company only the right to prove the debt sued for, and the costs incurred in good faith prior to the filing of the petition in bankruptcy, as an unsecured claim against the estate of the bankrupt.

2. The remaining exception relates to the action of the referee in reducing the creditor's claim for expenses incurred in caring for the attached property subsequent to the adjudication. The fact was undisputed that, in addition to the amount paid for the storage of the property, the Sullivan-Kelley Company paid to the keeper in possession under the sheriff two dollars per day. The referee allowed the amount paid for storage, and only one dollar per day for the keeper. Was the referee justified in thus reducing the claim? Under subdivision 1 of section 64 of the bankruptcy act, "the actual and necessary cost of preserving the estate subsequent to filing the petition" is a charge against the estate in bankruptcy, and is classed among the claims entitled to priority of payment. The referee was therefore authorized to allow so much of the claim for expenses in relation to the attached property as was reasonably incurred in caring for and preserving it for the benefit of the estate, but no more; and, in so far as the claim was excessive in amount, it was his duty to reject it. The right to pass upon the reasonableness of a claim of this character is vested in the court of bankruptcy. The fact that the creditor may, as in this case, have paid to the sheriff for storage and keeper's fees the full amount claimed, does not deprive such court of its power to determine the question whether the expenditure was reasonable in amount, and also necessary for the preservation of the property. It is to be remembered that an attaching creditor is not under any legal compulsion to keep the sheriff or other officer in possession after the dissolution of the attachment by the adjudication in bankruptcy; on the contrary, unless the court has appointed a receiver, or directed the marshal to take charge of the estate, the property attached should, upon the dissolution of the attachment, be forthwith restored to the possession of the bankrupt, to be by him held in trust for the benefit of his creditors until the qualification of a trustee; and, if this is not done, the estate in bankruptcy cannot properly be called upon to pay more for caring for the property while it continues in the possession of the attaching officer than if possession had been restored to the bankrupt upon the dissolution of the attachment. In either case the estate will be liable for the "actual and necessary cost" of preserving the property, and no more. It is only necessary to add upon this point that the amount allowed by the referee in this case

is amply sufficient to cover all reasonable and necessary expenses, in relation to the property attached, subsequent to the adjudication. In accordance with these views, the claim of the Sullivan-Kelley Company against the estate of the bankrupt is allowed in the sum of $79.45, of which $45.07 is entitled to priority of payment, under subdivision 1 of section 64 of the bankruptcy act, and the balance of $34.38 is allowed as an unsecured claim not entitled to preference in its payment. This opinion will be certified to the referee.