## In re HELLER.

(District Court, E. D. New York. January 31, 1910.)

BANKRUPTCY (§ 317*) — LIABILITIES OF ESTATE — CHARGES IN PRIOR JUDICIAL PROCEEDINGS.

Where a sheriff levied an attachment a few days before a petition in bankruptcy was filed, the suit having been brought by the same creditors who subsequently petitioned in bankruptcy, and the attachment proceedings preserved the property for the benefit of the creditors, such portion of the expenses of attachment as was for the benefit of the estate should be paid therefrom.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 331; Dec. Dig. § 317.*]

In the matter of the estate of Isaac Heller, a bankrupt. Proceeding for the allowance of certain fees to a sheriff, who had attached the property of the bankrupt. Fees allowed.

Robert M. Johnston, for sheriff.

N. Raymond Heater, for trustee.

CHATFIELD, District Judge. The sheriff received $50 indemnity before levying under an attachment issued December 22, 1908, in a suit brought by the same creditors who subsequently petitioned in bankruptcy. The sheriff's levy was made upon the 23d of December, and upon the 29th of December, which was the very day when the petition in bankruptcy was filed, the sheriff, for some reason or other, moved the property a considerable distance to the storage warehouse. The attachment is stated to have been vacated upon a motion argued the 31st day of December, on the ground that "the affidavit of the cause of action was not sufficient to show a cause of action," whatever that may mean.

Under the decisions, the sheriff must look to the indemnity deposited with him, or to the persons applying to him for his poundage, fees, and expenses. Lawlor v. Magnolia Metal Co., 2 App. Div. 552, 38 N. Y. Supp. 36. But inasmuch as the attachment proceedings preserved the property for the benefit of the creditors, and the creditors obtained the property from the storage warehouse, such portion of the expenses as was for the benefit of the estate should be paid. It is too late now to question the necessity or propriety of the expenses as a whole, and the trustee has presented nothing to reduce the amount of the various charges. The bill of the storage warehouse will be paid, to the extent of $46; the items of a truck, in addition to the charge for cartage, and for labor at the store, not being considered.

The item for keepers' fees between December 24th and December 29th will be allowed at the rate of $6 per day, or $30 in all. The acts of the attaching creditor being the same as the acts of the petitioning creditor, the question of his responsibility to the sheriff for these expenditures need not be considered now.

The above allowances should be paid by the trustee out of the estate.