In re HARNDEN.

(District Court. D. New Mexico. October 18, 1912.)

No. 6.

BANKRUPTCY (§ 317*)—PROVABLE CLAIMS—COSTS.

Under Bankr. Act July 1, 1898, c. 541, § 63a (3), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), which authorizes proof of a debt "founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt," a creditor, who brought suit, recovered judgment, and levied execution thereunder before the bankrupt filed a voluntary petition in bankruptcy, cannot be charged with bad faith merely because he may have known or believed that the debtor was in financial straits when he sued.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. § 317.*]

In the matter of Eber Harnden, bankrupt. On review of referee's order rejecting claims of the Cox-Blodgett Dry Goods Company and the Franklin-McVeigh Company. Reversed.

A. J. Nisbet, of Roswell, N. M., for creditors.
J. D. Mell, of Roswell, N. M., for trustee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

POPE, District Judge. The certificate of the referee as to the question involved is as follows:

"Where it is shown that a creditor, at the time that he commenced his action, had reason to believe that his debtor was insolvent and was on the verge of bankruptcy, but, notwithstanding that fact, brings an action and runs up a large bill of costs and expenses immediately prior to the filing of a petition in bankruptcy by his debtor, and when it appears that the said action and proceedings were unreasonably costly and expensive, and were of no value to other creditors of the bankrupt, and did not in any way conserve the property of the bankrupt, or protect or help other creditors in any way, are such charges, costs, and expenses a provable claim against the estate. of the said bankrupt, and are such costs and expenses to be paid by the general creditors of this estate, or by the individual creditor or creditors that made such costs and expenses?"

The preliminary question is whether the testimony justifies the statement of the case as made by the referee. Under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), construed in Crim v. Woodford, 136 Fed. 34, 68 C. C. A. 584, a summary of the evidence must be certified up by the referee for purposes of review. In the present case this was not done, but the testimony taken and transcribed by a stenographer was sent up in extenso. This has imposed upon the court the necessity of reading much that was not germane to the matter involved. However, this has been done with care, and as a result of the examination the court is of the opinion that the record does not sustain the referee in his statement of the case in one or two respects.

As said in Collier on Bankruptcy (8th Ed.) 63a, (3):

"However, the words of the subdivision make it clear that costs can be proven under it only (1) if taxable; (2) in a suit brought by a creditor; (3) on a provable debt; (4) before the filing of the petition; and (5) incurred in good faith. Lacking one or more of these elements, costs are not provable, unless within the meaning of subdivision 2."

The referee holds that these costs, which are manifestly within the letter of section 63 in all other respects, are not provable, because not "incurred in good faith." The record, however, which it is assumed, pursuant to the requirement of law, contains all of the relevant testimony to this review, fails to disclose this. The facts are that some time in 1911 the claimants prosecuting this review sued the bankrupt. They seasonably prosecuted their case to judgment, which was signed the early part of January, 1912. Thereafter execution was duly sued out and levied upon the stock of the bankrupt, which was taken into custody by the sheriff. The claimants were proceeding after the proper advertisement to sell the property under execution, when on April 1, 1912, Harnden filed his petition to be adjudicated a bankrupt, which was granted on the same day. It is difficult to see how these facts sustain the imputation of bad faith in incurring these costs. The claimants were simply asserting their legal rights, or, as it is expressed in Re Beaver Coal Co. (D. C.) 107 Fed. 98, 101, they were simply doing what "they had a right to do." Under such circumstances they are entitled to their costs. In re Allen (D. C.) 96 Fed. 512; In re Schmidt, 165 Fed. 1006, 91 C. C. A. 665.

It is said, however, on behalf of the referee's ruling, that the claim-

ants manifestly acted in bad faith, because they knew that Harnden was insolvent, or at least in a failing condition, when they levied their execution. There is no proof to sustain the referee's finding that claimants knew he was insolvent. The mere fact that they believed him to be in financial straits did not preclude their proceeding to assert their legal rights. The law favors the vigilant, and certainly cannot impute bad faith because creditors, believing those indebted to them to be in close circumstances financially, proceed to attempt a collection of what is due them. Indeed, proceedings to collect a debt are usually the result of a conviction by the creditor that he is otherwise in danger of losing his claim. The referee seems also to have been influenced in his decision by the fact that these costs did not inure to the benefit of the estate. This, however, is no part of the requirements of statute making such costs a provable debt. Such a consideration is germane if there be an attempt to give such a claim priority in the administration of the assets (In re Beaver Coal Co., supra); but here there is no such attempt. The relief sought is simply that these costs may be received as provable claims.

Some question is also raised by the referee as to the reasonableness of these costs. There is no proof, however, that they are unreasonable. They are all based upon charges made to the claimants by officers of the law. These latter are presumed to do their duty in claiming costs. If the charges made are excessive, the burden was upon the trustee to establish this as against the assessment of costs by the clerk and the sheriff. This he made no attempt to do. Certainly the question as to the reasonableness of a few of the items is no justification for rejecting the claim entirely. The court, however, in remanding the claim for further consideration, will leave open for proof by the trustee that any of the items are excessive. In the absence of such, the claims should, so far as objections here made are concerned, be approved.

The court, in passing upon this, has not considered, because not presented for consideration, the feature of the case disclosed on page 34, indicating that the referee held that one of these claimants, the Cox-Blodgett Dry Goods Company, had received a voidable preference of $50, and that their claim should be disallowed until such preference had been repaid. This matter not having been mentioned in either of the briefs filed, it is assumed that this creditor has acquiesced in the ruling of the referee, and expects to repay said sum, in order that it may secure the allowance here sought.