### WISONG v. CLARKE.

#### In re KOLLMAN.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1922.)

No. 3896.

1. Bankruptcy ⬤⟳348—One acting under general power of attorney not entitled to privilege under Louisiana statute; "Secretaries, clerks and other agents of that kind."

One acting for bankrupt under a general power of attorney with respect to real estate owned by bankrupt in Louisiana, consisting of farms and a hotel and furniture, in possession of a tenant, is not within Rev. Civ. Code La. art. 3252, giving a privilege to salaries of "secretaries, clerks, and other agents of that kind," nor is the property of bankrupt "in his hands" in such sense that he may retain it to satisfy an indebtedness to him under article 3023 of such Code.

2. Bankruptcy ⬤⟳348—Claim of attorney in fact for compensation is that of general creditor.

One acting under a general power of attorney for another is a general agent and on bankruptcy of his principal his claim for compensation is that of a general creditor.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Bankruptcy ⟂200(3), 317, 347—Adjudication dissolved attachment; costs
incurred prior to bankruptcy provable, but not preferred; costs incurred in
attachment suit after bankruptcy held not provable.

An adjudication in bankruptcy dissolved an attachment of bankrupt's
property in a foreign state in a pending suit in which bankrupt was not
personally served and withdrew the property from the jurisdiction of the
state court, and costs incurred in the suit thereafter are not provable
against the estate though costs previously incurred may be proven as part
of the debt sued on, but without priority.

Petition to Superintend and Revise from the District Court of the
United States for the Western District of Louisiana; George W.
Jack, Judge.

In the matter of W. F. Kollman, bankrupt; C. L. Clarke, trustee.
Petition by Joseph A. Wisong to revise order of District Court. Af-
firmed.

Robert R. Stone, of Lake Charles, La., for petitioner.

Thomas C. Plauché and Plauché & Plauché, all of Lake Charles,
La., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Joseph A. Wisong, a resident of Lake
Charles, La., was employed by one Kollman, a resident of Beatrice,
Neb., who was the owner of a hotel and the furniture therein, and
also certain farms, in the state of Louisiana, under a power of attor-
ney authorizing said Wisong to conduct, manage, and transact all of
the affairs, business, and concerns of said Kollman of every nature
and kind, without exception or reservation, in Calcasieu parish, La.
Wisong was authorized to collect all moneys, draw checks, invest
funds, incumber, or mortgage all of said property, and in fact to act,
in regard to the same, as fully as said Kollman might have himself
done. This power of attorney expired January 1, 1921, and was re-
newed for another year just before its expiration. Wisong was to
receive as compensation as such attorney in fact $10,000, and a fur-
ther fee of $1,000 for professional services as attorney at law, and
was also entitled to certain commissions for the sale of certain real
estate, conditioned upon his obtaining a certain price therefor. He
retained out of the funds coming into his hands the sum of $6,664.96,
which he applied to said claims.

On Janury 18, 1921, he filed a suit, proceeding by attachment, against
said Kollman as a nonresident of Louisiana, in the Fifteenth district
judicial court of Louisiana for the parish of Calcasieu, for $4,335.04,
alleged to be the balance due him by said Kollman. Kollman does not
appear to have been otherwise served, made no appearance, or de-
fense, and judgment by default was rendered in favor of Wisong for
his claim on April 27, 1921. On January 28, 1921, Kollman had been
adjudicated a bankrupt in proceedings filed in the district of his resi-
dence in Nebraska.

[1] On attempting to enforce said judgment, a restraining order
was issued from the United States District Court of the Western Dis-

trict of Louisiana, on a petition of the trustee in bankruptcy of Koll-man, and the enforcement of said judgment was enjoined. Said Wisong thereupon presented proof of his debt in said bankruptcy proceedings, claiming the right to be paid in preference and priority over all of the other creditors of. said Kollman for the amount of the judgment secured by him under his writ of attachment, asserting that the sum was due to him on account of services as mandatory and agent of said bankrupt. He also insisted that the costs of said attachment proceedings, awarded by said state court, amounting to $206.99, was a privileged claim entitled to be paid by preference and priority out of said bankrupt estate situated in Louisiana.

The referee allowed said claim for the sum of $3,994.07, Wisong having admitted an additional credit, and held that it, with said costs, was entitled to priority of payment out of said bankrupt estate in Louisiana. On a petition for review, the United States District Court for the Western District of Louisiana reversed the ruling of the referee so far as it held said claims to be privileged and entitled to priority, and reduced the same to the rank of those of ordinary creditors.

Said Wisong has presented this petition to superintend and revise the order of said District Court. He asserts that, under the Revised Civil Code of Louisiana and the jurisprudence of said state, he is entitled to priority of payment out of said assets of said bankrupt in the state of Louisiana as an agent and mandatory, and also that the costs of said state court proceedings are entitled to priority of payment under the provisions of the Bankrupt Act.

1. The claim of priority as an agent and mandatory is based upon the following articles of said Revised Civil Code:

"Art. 3023. The mandatory has a right to retain out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs.

"He may even retain, by way of offset, what the principal owes him, provided the debt be liquidated."

Also article 3252:

"The privileges which extend alike to movables and immovables are the following:

"1. Funeral charges.

"2. Judicial charges.

"3. Expenses of the last illness.

"4. The wages of servants.

"5. The salaries of secretaries, clerks and other agents of that kind."

He also insists that he had in his hands property of the principal which he had the right to retain under the provisions of said Code to satisfy his said debt in the same manner as a pledge. The Revised Civil Code provides:

"Art. 3185. Privilege can be claimed only for those debts to which it is expressly granted in this Code."

We agree with the District Court that neither the Civil Code of Louisiana, nor any of the decisions thereon, cited by counsel, would bring the claim of Wisong under any of the provisions thereof. He was not a secretary, nor clerk, nor was he an agent of that kind. The

services which he was to render were not clerical, or such as would be rendered by a secretary. He was invested with full powers to act as the alter ego of Kollman in respect of his property and affairs in Louisiana, exercising his judgment and discretion, and performing intellectual rather than manual services.

[2] None of the property of said Kollman was in the hands of said Wisong in any sense which enabled him to retain it for his debt. In the first place, it was all real property consisting of a hotel and, furniture, which is not of the character that can be held by manual possession in the nature of a pledge. Again, it appears that this hotel and the furniture therein were rented and in the possession of a tenant. His claim does not fall under any of the provisions of the state law or of the Bankruptcy Law which would entitle him to priority.

[3] 2. As to the claim of priority for the costs of said state court proceedings, we do not think that they are entitled to be paid. The suit was a proceeding by attachment of the property of Kollman as a nonresident. Kollman was out of the state and did not appear, so that the proceeding was in the nature of a proceeding in rem. The attachment proceeding was instituted just 10 days before Kollman was adjudicated a bankrupt. Under the provisions of the Bankruptcy Act, § 67f (U. S. Comp. St. § 9651), the adjudication of Kollman as a bankrupt dissolved the attachment and removed the property from the jurisdiction of the state court, vesting it in the bankrupt court. Lehman v. Gumbel, 236 U. S. 448, 35 Sup. Ct. 307, 59 L. Ed. 666.

As the state court had no jurisdiction, in personam, in said case, and its jurisdiction depended solely on the seizure of said property under said attachment, the further proceedings in the state court were therefore without effect. The claim of the plaintiff for costs accrued to the date of adjudication could be proved as a part of his debt, but were not entitled to priority. In re Allen (D. C.) 96 Fed. 512.

We therefore find no error in the order of the District Court, and the petition to superintend and revise is denied.