The three creditors assented to his doing so. That amount was accordingly deducted, and the balance of the fund was distributed pro rata among the three creditors, the distribution being made on June 7, 1923. The plaintiff was immediately informed in detail of what had been done. He did not sign the instruments of assent which were forwarded to him. But he expressed no disapproval until the fall of 1925 when he said to Friedman that the latter ought to have waited for his pay. The present suit was not brought until October 1928.

That defendant as assignee of his firm then brought a cross-action at law to recover the balance due on their bill for legal services. In that action the present plaintiff was credited with the $8,589 payment above stated. He appeared and defended it, making no objection to the credit. The District Judge found for Friedman in the amount of $8,674 above all credits and gave judgment for that amount with interest and costs. No appeal was taken, and that judgment stands.

In the case before us various objections were made by the plaintiff to the defendant's conduct in the matter, some of them of rather technical character considering that all the money was paid on account of the plaintiff's debts. The District Judge after a full hearing, at which much oral and documentary evidence was introduced, found for the defendant, stating his conclusions and his reasons in a thorough and able opinion with which we agree.

 Accepting the facts as found by the District Judge, the only point which requires comment is the plaintiff's claim to interest on the $8,589 from the date when the defendant paid it to himself (or his firm) on account of their bill, until the date, some five years later, when Friedman brought his action against the present plaintiff. No bill appears to have been sent by Friedman & Atherton, and no demand was made by them for payment until shortly before the action at law was begun. The plaintiff's position is that Friedman had no right under the terms of the trust to take the money for his own bill; that his doing so constituted in law a conversion of the fund; that the plaintiff is entitled to interest on the amount taken from the date of the conversion; and that, as Friedman & Atherton's bill against the plaintiff did not begin to draw interest until 1928, there is no offsetting interest in the defendant's favor.

The plaintiff's contention is right as far as it goes. But it overlooks the fact that the interest would be an accretion to the principal of the trust fund and as such would belong, not to the plaintiff, but to the cestuis, i. e., the three creditors named in the instrument creating the trust. In the plaintiff's brief it is conceded, as the District Judge has found, that the plaintiff is still indebted to the Kerr estate, and to the People's National Bank, or its successor. This being so, any increment of the fund would prima facie belong to them, not to the plaintiff. Their assent to Friedman's making the partial payment to himself from the trust fund at their expense did not imply that they relinquished their rights in it in favor of Berg. It was a relinquishment in favor of Friedman & Atherton only, that they, being also creditors of Berg, might also share in the fund. The allegation in the bill of complaint that neither the bank nor the Kerr estate has any interest in the subject-matter of the suit is not borne out by the facts. They were indispensable parties. The District Judge correctly ruled, "This fact alone would defeat the plaintiff's rights to prevail in these proceedings." It is unnecessary to express an opinion whether the plaintiff's acceptance of $8,589 credit in the action at law against him amounted to a ratification of the payment as of the time when the payment was made.

The decree of the District Court is affirmed, with costs to the appellee.

**In re HEIN.**

No. 16664.

District Court, N. D. New York.

Sept. 28, 1931.

970

Guy L. Kretser, trustee, in person.

Blumberg & Conley, of Little Falls, N. Y., for Valley Mills Co.

Lee & Judson, of Utica, N. Y., for Paul B. Williams.

F. J. De La Fleur, of Utica, N. Y., referee in bankruptcy.

BRYANT, District Judge.

A motion having come on to be heard before me on the 28th day of September, 1931, for review of the referee's decision and order, herein, on the petition of the Valley Mills Company, of Little Falls, N. Y., dated June 5, 1931, it was decided and ordered, by the referee, that the Valley Mills Company pay, and turn over, to Guy L. Kretser, of said Little Falls, trustee herein, the sum of $1,-603.50.

Now, after hearing Blumberg & Conley, of Little Falls, N. Y., attorneys for Valley Mills Company, Lee & Judson, of Utica, N.

Y., attorneys for Paul B. Williams, and Guy L. Kretser, of Little Falls, N. Y., trustee and attorney in person, and having read the evidence, herein, the referee's decision and order, and all other papers certified by the referee, the notice of argument, dated September 15, 1931, together with proof of service thereof:

It is ordered that the referee's decision and order, made herein and dated June 5, 1931, be and the same hereby is in all respects ratified and confirmed.

It is further ordered that the Valley Mills Company of Little Falls, N. Y., forthwith pay to the trustee pursuant to the order of the referee the sum of $1,603.50, together with interest thereon from the date of service of said order on said appellant.

## Ex parte ONG QUONG.
### No. 20888.

District Court, N. D. California, S. D.

May 19, 1932.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., for respondent.

KERRIGAN, District Judge.

The detained, in whose behalf the petition in this case is filed, obtained his laborer's return certificate upon the ground that he had property of the value of $1,000 in the United States. The immigration authorities have found that he did not have such an amount of property when he left the United States or at the time of his return. After considering the evidence presented to the Board of Special Inquiry, I not only believe that the hearing upon this point was fair and reasonable, but I also find that the finding was amply supported by the evidence.

It is urged in the petition for writ of habeas corpus that, independently of this claimed ground of admission, the petitioner is entitled to return on the ground that he has a father who is a resident of the United States. It is argued by the government that this ground of admission, not having been claimed in the hearing before the Board of Special Inquiry, may not be urged in these proceedings. It is not necessary to pass upon this question, since I would not grant the writ on this ground without the assistance of a hearing upon the point by the immigration authorities. It is further claimed that the detained, by failing to set up in his application for his return certificate that he had a father residing in the United States, is barred from now claiming this as a ground of admission. I disagree with this view. If a Chinese laborer has a wife and child and parent in the United States, has $1,000 in the bank and debts due him of like amount, but asks for his return certificate only on the ground of having $1,000 in the bank, it would be manifestly unfair to deny him admission because the bank had failed during his absence and he no longer had the money. It must be remembered that Chinese laborers are often ignorant men and badly advised by those having a slight or erroneous knowledge of the law. To hold them to a high degree of formalism in fully stating and relying on all existing grounds for the issuance of a return certificate would amount to unfairness and arbitrariness. It is apparent from the record that the immigration authorities do not follow in practice a strict application of this theory. In fact, they departed from it in this very case in permitting the detained to introduce evidence of having "debts of like amount due him and pending settlement (8 USCA § 276)," which was not a ground of return upon which the certificate was issued. The brief in behalf of petitioner refers to another immigration case, in which there was a dispute on the