## In re VAN FOSSEN.

### No. 9961.

United States District Court
D. Maryland.

Sept. 9, 1948.

Louis J. Sagner, of Baltimore, Md., for trustee.

Irving B. Grandberg, of Baltimore, Md., for petitioner.

CHESNUT, District Judge.

Within four months prior to bankruptcy two general creditors obtained judgments against the bankrupt and ordered execution thereon by a fi.fa. which was levied by the sheriff of a Maryland County, who took possession thereunder; and in due course advertised the property for sale. But the actual sale was cancelled as a result of the supervening bankruptcy adjudication. The sheriff's costs and expenses of making the levy and advertising amount to about $45. These costs are apparently obligations of the creditors and they, on behalf of the sheriff, have petitioned the Referee to allow the claims for *prior* payment; but they do not ask for such priority with regard to the other general costs of the state court cases.

The Referee disallowed the priority of payment on March 1, 1948; a petition for review was filed by the creditors within ten days and on April 2, 1948 the Referee filed his certificate with a brief discussion of the reasons for his order of disallowance.

After hearing counsel I have concluded that the order of the Referee should be and it is hereby affirmed.

Counsel for the creditors bases his contention for priority of payment of the sheriff's costs and expenses on section 102, sub. a(1) of title 11 U.S.C.A., which reads:

"The actual and necessary costs and expenses incurred by officers, other than referees, in the administration of estates shall, except where other provisions are made for their payment, be reported in detail under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

The allowance of the sheriff's fees and expenses is not authorized by this subsection. The wording used does not aptly cover the case and it is even clearer from the context of the whole of section 102 that such a case is not thereby covered in subsection a(1). Indeed counsel for the creditors does not contend that the sheriff's fees would be allowable under this subsection except for the particular fact strongly relied on in the present instance, that as the sheriff actually took possession and thereby presumably preserved the property from waste or loss, his action in the particular case inured to the benefit of the estate. And from this particular fact in the instant case the further argument is advanced that therefore on equitable principles the allowance should be granted because it has resulted in benefit to the estate. But it is conceded that if the sheriff had not in the particular case actually taken possession, his costs and expenses would not have been allowable in this case.

It is to be noted that the application for the allowance is not made under section 104 of title 11 providing for the payment of debts which have priority. Nor is it contended by counsel for the creditors that the sheriff's fees constituted a valid and enforceable lien on the property. It was suggested that possibly the Maryland statutes may create such a lien in favor of the sheriff but no such contention for allowance was made before the Referee nor is it urged here on the petition for review.

Nor do I find any proper basis for the allowance of fees in this case on general equitable principles. It is seemingly true in actual result the taking of possession of the property by the sheriff may have preserved the particular property from injury or loss in the instant case; but that result was purely incidental and not within the purpose of the creditors who indeed were apparently, as is usual in such cases, seeking particular advantage for themselves. I think it unnecessary to add anything further on this point beyond what was well said in the Referee's certificate, with which I find myself in accord.

Counsel for the creditors relies on several bankruptcy decisions which he says were brought to the attention of the Referee but were not considered in the latter's memorandum opinion. The cases referred to are In re Schmidt & Company, 2 Cir., 165 F. 1006; In re Famous Furniture Co., D.C. E.D.N.Y., 42 F.Supp. 777; In re Heller, D.C., 176 F. 656, and Receivers of Virginia Iron, Coal & Coke Company v. Staake, 4 Cir., 133 F. 717, affirmed on other grounds 202 U.S. 141, 26 S.Ct. 580, 50 L.Ed. 967. I do not find these cases are in point here. The Schmidt and Famous Furniture Company cases were decided on the local New York law which gave a state officer a lien, and for that reason are inapplicable in the present case as the priority of payment is not based on that ground. The Staake case in the 4th Circuit presented a very different factual situation where the allowance of expenses, etc., was properly made to attaching creditors whose activity resulted in a direct benefit to the subsequent bankrupt estate. The allowance was apparently made on the general equitable principles without reference to section 102, sub. a(1) here relied upon. And the particular case presented one of the exceptional situations referred to in the discussions by Collier quoted in the referee's certificate. The priority of payment of the officers' expenses allowed in Re Heller, D.C.E.D.N.Y. 1910, 176 F. 656 was apparently on the same principle in that the expenses were incurred for the safe storage of property which inured to the benefit of the bankruptcy estate. I have found no decided case which has allowed prior payment of sheriff's fees under circumstances similar to the instant case, except in the New York cases above mentioned where the allowance was based on the local state law. And, as the Referee points out in his certificate, the disallowance in this case was pursuant to the long established practice of referees in this district in similar situations.

The order of the Referee is, therefore, affirmed.