**In the Matter of Sal J. BILLELO doing business as Topps-All Supermarket, Bankrupt.**
**No. 54786.**

United States District Court
E. D. New York.
March 11, 1959.

Rubin Cohen, New York City, for petitioning creditor, Richard L. Weingarten, New York City, of counsel.

Levin & Weintraub, New York City, for trustee.

ZAVATT, District Judge.

On August 20, 1958, John Krauss, Inc., a creditor of the bankrupt, filed a petition for an allowance in the amount of $1,219.86 as a priority claim on the

bankrupt estate. This sum is the amount disbursed by the creditor in connection with its suit against the bankrupt which was commenced on or about April 3, 1958. In that suit the creditor obtained a warrant of attachment, under which it caused a levy to be made on the bankrupt's assets on April 9, 1958. The involuntary petition in bankruptcy was filed herein on April 10, 1958, and this Court appointed a receiver on the same day. The bankrupt's assets were thereupon released to the receiver.

The Referee's report of October 10, 1958 recommended that the Court not grant the allowance claimed by the creditor. On November 5, 1958 the petition for an allowance was referred back to the Referee to take testimony and report as to whether the property of the bankrupt levied on as a result of the efforts of the petitioner was property recovered for the benefit of the estate of the bankrupt, whether it was so recovered by the efforts of the petitioner at its cost and expense, and the reasonable cost and expense of such recovery. By report dated March 2, 1958, the Referee has found that the sum claimed by the creditor was reasonably expended by it for detective services, attorney's fees, legal disbursements and a bond for the writ of attachment, all of which were relative to the levy upon the bankrupt's assets. The Referee found further "that the bankrupt estate herein was the ultimate beneficiary of the efforts of the creditor which resulted in the attachment of the assets of the bankrupt at his place of business on April 9th, 1958," and that the creditor's "action and attachment did preserve the assets at the bankrupt's premises for the benefit of the estate of the bankrupt." Concluding, as he did previously, that the Bankruptcy Act does not expressly provide for the compensation claimed by the creditor, the Referee again recommended that no allowance be granted.

In Guerin v. Weil, Gotshal & Manges, 2 Cir., 1953, 205 F.2d 302, the Court of Appeals reiterated that a bankruptcy court lacks power to grant, and the policy of the Bankruptcy Act is against, compensation not expressly provided for by the Act. The Court cites, inter alia, 3 Collier, Bankruptcy 1534–7 (14th ed.), wherein the author notes that in an atypical situation equitable considerations may still afford sufficient flexibility to authorize a court to allow costs and expenses. Such action has been taken in the past where, for example, persons acting in a private capacity have incurred expenses with respect to seizing or attaching the bankrupt's property, which has assisted in preserving such property prior to bankruptcy. Id., 1598–9, 2063–5. As the Referee notes in his report, however, the cases making such allowances, upon which the creditor relies, were decided prior to the Chandler Act amendments of 1938, 11 U.S.C.A. § 1 et seq. Furthermore, it is doubtful that under the Guerin case bankruptcy courts of this Circuit have the power to make allowances based upon equitable considerations but not specifically authorized by the Bankruptcy Act.

In any event, the instant record amply supports the Referee's finding that here the creditor, at all times between April 3 and April 9, 1958, was exerting all its efforts to collect money due it from the bankrupt. Despite the fact that the fruits of the creditor's efforts inured to the benefit of the bankrupt estate, the creditor's expenditures are viewed to have been made in its own interests to such an extent as not to warrant the application of any equitable power which may rest in the Court.

The creditor's petition for an allowance is denied, with leave to the creditor to make application to the Referee to have its petition considered and allowed as a general unsecured claim in the sum of $1,219.86, under Section 63, sub. a(3) of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(3). The allowability of any such claim is, of course, left open.