Irving **SULMEYER**, etc., Appellant,

v.

**MILLER ENGINEERING CO. et al.,**
Appellee.

No. 17151.

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1962.

Quittner, Stutman & Treister, George M. Treister, Los Angeles, Cal., for appellant.

Sylvan Y. Allen, Max Mayer, Utley & Houck, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and BOLDT, District Judge.

CHAMBERS, Circuit Judge.

This case is the aftermath of Miller v. Sulmeyer, 9 Cir., 263 F.2d 513. There we held that when bankruptcy eventuated the Millers lost the lien of a chattel mortgage because of 79 days delay in the recording thereof. The mortgaged personal property having been repossessed and sold by the Millers to a bona fide purchaser (and thus unrecoverable), we reluctantly upheld the district court in awarding the trustee damages against the Millers for the amount of $82,500, the proceeds of the sale. Our mandate did not foreclose consideration of whether the Millers were entitled to certain offsets for expenditures they had made in connection with the repossession (and after) from the debtor Delcon Corporation, now Sulmeyer's bankrupt.

When the case went back to the referee, the trustee conceded, and we think

for all time, the validity of offsets for costs in the amount of $3,641.82. But he disputed offsets as follows:

Attorney fees paid Millers'
   attorneys .............. $ 5,000.00
A finder's fee paid to one who
   found the purchaser who
   paid $82,500 ............ 5,000.00
Audit of records .......... 377.50
                    $10,377.50

The referee denied the above items. The district court reversed the referee and allowed all three items as offsets. So Sulmeyer appeals.

Throughout the proceedings the parties agreed that the fair value of the Delcon property at the time of sale was $82,500—what it sold for. The district court took the view that the fair value was $82,500, less the expenditures of $10,377.50. Its conclusion was not quite so cryptic, but it distills to the same thing.

There was evidence that the best offer by negotiation was "sixty-some-odd thousand dollars" before the finder found the ultimate buyer.

■ Without laboring the details, we take this view: If the efforts of the Millers (i. e., their expenditures) were of eventual value to the trustee (and through him the general creditors were benefited) the Millers should have an offset for the reasonable value of their purchased services in the market place or for what the services were worth to the trustee, whichever is less, and not to exceed the amount paid. And this would apply for both preservation and for enhancing the value by procuring a buyer on a "good sale." As to the sale,

stated colloquially, did the totality of the Miller efforts "up the value or sale price" of the personal property? If so, we should not quarrel too much about which item produced the most proximate cause.

Both parties have cited some cases. We do not find any one of them in point. And our research does not disclose one squarely meeting the issue here.* But we have some confidence in our view that the first test is whether or not what was done was of benefit to the bankrupt's estate. Of course, an award would not be made to a pure volunteer or intermeddler. But the Millers were neither.

There is some slight evidence already in the record that the efforts of the Millers, through those whom they hired, did enhance the sale proceeds. If the referee had so found, perhaps it could be upheld. But it is obvious that the referee took a view of the law not in accord with ours, so we do not know what he would have found. On balance, we think it better for the referee to re-examine the questions and hear further testimony.

The trustee was extremely fortunate in knocking out the Millers' chattel mortgage. Zealousness on a trustee's part is commendable, but the old adage about pressing one's luck too hard applies to trustees as well as to gamblers. Sulmeyer may be doing just that.

While we cannot uphold the decision upon the basis chosen by the district court, we have seen enough of the case to believe that perhaps the Millers are entitled to all or part of the $10,377.50 offset they seek. But further evidence at hearings before the referee should

---

* Some cases worthy of analysis are: Receivers of Virginia Iron v. Staake, 4 Cir., 133 F. 717, 721; Keates v. Register, D.C. E.D.Pa., 74 F.Supp. 966; In re Rustigian, N.D.Cal., 50 F.Supp. 827, Rogers v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 142 F.2d 128; In re Duran Merc. Co., D.C.N.M., 199 F. 961; In re Roadarmour, 6 Cir., 177 F. 379; Stanolind Oil & Gas Co. v. Logan, 5 Cir., 92 F.2d 28; U. S. v. Duggan, 8 Cir., 210 F.2d 926; In re Billelo, 171 F.Supp. 69; In re Harnden, D.C.N.M., 200 F. 172; In re Ledbetter, D.C.Ga., 267 F. 893; In re Hein, D.C.N.D.N.Y., 60 F. 2d 966; Wolcott v. Commercial Investment Trust Co., 7 F.Supp. 809; Kirst v. Buffalo Cold Storage Co., W.D.N.Y., 36 F.Supp. 401.

settle the remaining issues which are overdue for settlement.

The order appealed from is reversed for proceedings consistent with this opinion.