Elias MILLER, Paul Miller, Anna Miller, and Helen Miller; and Elias Miller and Paul Miller, as Executors of the Estate of George Miller, Deceased, Appellants,

v.

Irving SULMEYER, Trustee in Bankruptcy of the Estate of Delcon Corporation, a Nevada corporation, d/b/a Miller Engineering Co., Bankrupt, Appellee.

No. 17485.

United States Court of Appeals
Ninth Circuit.

Jan. 26, 1962.

Sylvan Y. Allen and Utley & Houck by Ernest R. Utley, Los Angeles, Cal., for appellant.

Quittner Stutman & Treister by George M. Treister, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a judgment of the United States District Court confirming an order of the referee in bankruptcy which refused to subordinate the claims of certain creditors of the bankrupt's estate, in the same class as appellants, to the claims which appellants hold against the bankrupt Delcon Corporation. The district court had jurisdiction to review the referee's order under the provisions of 11 U.S.C.A. §§ 46 and 67, sub. c. This court has jurisdiction to reveiw the district court's judgment under the provisions of Section 47 of Title 11 United States Code Annotated.

This is the third act of this controversy. Act one is reported as Miller v. Sulmeyer, 9 Cir., 1959, 263 F.2d 513, cert. denied 361 U.S. 838, 80 S.Ct. 55, 4 L.Ed. 2d 78. There this court held a chattel mortgage recorded 79 days after it had been executed was invalid as against appellee-trustee in bankruptcy by virtue of Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133. The judgment for $82,500 against appellants (being the fair market value of the mortgaged property which appellants had repossessed and sold) was affirmed, though appellants were to have a claim against the bankrupt estate for the amount of the judgment paid to the trustee. The matter was remanded to the district court for the purpose of determining whether appellants were entitled to credits against the judgment for certain expenses allegedly incurred by them in the repossession and sale.

Act two was the proceeding on remand. The referee denied most of appellants' claimed credits. The district court reversed the referee and allowed the claimed credits to the full extent of $14,019.32. The trustee's appeal (Sulmeyer v. Miller Engineering Co., No. 17151) from this judgment of the district court has recently been decided. The order appealed from was reversed and the matter remanded for the purpose of permitting the Millers to obtain all or a portion of the offset they seek (No. 17151, decided Jan. 22, 1962), 9 Cir., 297 F.2d 856.

The third and (hopefully) the next to final act of this controversy is the one now before this court. The curtain on this act was raised on November 25, 1960, when appellee trustee filed a "Petition for Instruction re Dividend" in the bankruptcy court. The prayer of the petition was that the appellants' claim be treated as a general, unsecured debt rather than being accorded the special or favored status for which appellants had contended. In their answer appellants contended that the claims of those creditors who extended credit to the bankrupt after the belated recordation of their mortgage should be subordinated to the claim which they held as a result of the trustee's judgment against them. After a hearing, the referee denied appellants' request for subordination and held that appellants should participate in dividends in the same manner as other unsecured claimants. The district court confirmed the referee's order, and appellants then filed this timely appeal for review of the judgment entered by the district court confirming the order of the referee.

A detailed restatement of the facts reported in 263 F.2d at 513 is unnecessary. The sole question before this court is: After the doctrine of Moore v. Bay, supra, has been invoked to invalidate a mortgage only partially invalid under state law,[1]

---

1. Under California law a chattel mortgage not immediately recorded is invalid as against the mortgagor's creditors whose claims antedate recordation, but is valid as against the mortgagor's creditors whose claims arise subsequent to the belated recordation. E.g., Wolpert v. Gripton, 1931, 213 Cal. 474, 2 P.2d 767.

can the mortgagee obtain a subordination of the claims of creditors as to whom the mortgage was valid outside of bankruptcy, by appealing to the equitable powers of the bankruptcy court?

We conclude he cannot achieve by indirection that which has already been denied him directly. This court in the first act of this drama said in most sympathetic terms that:

> " * * * try as it may to reach a different result, * * * the case of Moore v. Bay, [supra] * * * controls and * * * the district court must be affirmed." (263 F.2d at 514–515.)

Though the equitable contentions presently urged by appellants were not raised and could not have been raised before the referee and district court in the first proceeding, these contentions *were* urged and argued before this court on the first appeal. Appellants are of the opinion that because this court made no mention of this question in its decision (at 263 F.2d 513), this court did not consider these questions at that time because they had not been properly raised below. Hence appellants come before this court to argue the above question after having raised it before the referee and district court on this third time around.

The above cited language from this court's earlier decision refutes the position maintained by appellants. In its earlier decision this court also stated:

> "While the members of this court might belong to the legislative school that would vote to require trustees to take over rights as the state left

them, still it is well settled that bankruptcy statutes can do more." (263 F.2d at 515.)

and:

> "While the brief for appellants [appellants here also] is an able one, this court just cannot get away from the proposition that if the mortgage was subject to attack under California law by any creditor * * * then the bankruptcy act and Moore v. Bay, supra, permit the trustee to demolish the creditor's security although partially valid under state law * * *." (263 F.2d at 516.)

From the language of this court in the first proceeding in this controversy it would seem clear that *every* avenue was explored in hopes of finding a way to relieve appellants from the "heavy blow" they had suffered. But every avenue then led to a dead-end. And there has been no new construction in this intervening period—no change in the statutory or judge-made law.

■ It is true that a bankruptcy court has the power to subordinate a claim which is tainted with fraud or other improper conduct when equitable principles dictate the claim should not be allowed to participate on a parity with those of other creditors.[2] But here there is no fraud. Nor is there any improper conduct charged against anyone but Miller's faithless employee.[3]

Appellants urge that it is inequitable and harsh to permit creditors to share equally in dividends derived from the chattel mortgaged assets when the mortgage was valid as against those creditors

2. E.g., Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Bank of America Nat. Trust & Sav. Ass'n v. Erickson, 9 Cir., 1941, 117 F.2d 796.

3. Cf. In re Columbia Ribbon Co., 3 Cir., 1941, 117 F.2d 999. Appellants' plight stems from the fact that they neglected to comply with California's legislative policy which demands prompt recordation of mortgages to protect creditors against secret encumbrances. Bankruptcy may magnify to some extent the result of one's carelessness, but one is assumed

to have contracted with knowledge of the federal as well as the state law, and one (e. g. appellant herein) could have avoided risks such as here encountered by full compliance with the recordation statute. It was appellants' employee who failed to record because he was "too busy with his defalcations of his employers' cash to attend to" his employers' business. The equitable maxim that if two innocent persons are injured, the loss should fall on him who created the opportunity for the injury, may be said to lurk in the background of this case.

outside of bankruptcy. But the facts as earlier found cause appellants to be classified only as unsecured creditors. And equality of distribution within a certain class *is* equity in bankruptcy.[4] If inequity and harshness do exist they result from the Supreme Court's rule in Moore v. Bay, supra, and the Bankruptcy Act itself. Neither the Supreme Court nor the Congress has seen fit to change the result. And it is this result that is the controlling law in the instant case.

The judgment confirming the order of the referee is affirmed.

4. Sampsell v. Imperial Paper Corp., 1941, 313 U.S. 215, 219, 61 S.Ct. 904, 85 L. Ed. 1293; In re Columbia Ribbon Co., supra, 117 F.2d at 1002.