In the matter of **FORD HOME FURNISH-INGS CO., Inc., Bankrupt.**

**No. 47–65.**

United States District Court
District of Columbia.
Sept. 21, 1967.

Harry S. Weidberg, Washington, D. C., for petitioners.

Ronald P. Seres, Washington, D. C., trustee in bankruptcy, opposed.

OPINION

HOLTZOFF, District Judge.

This is a petition for a review of an order of the Referee in Bankruptcy denying priority to a claim of one of the bankrupt's creditors for money expended by the creditor in levying execution on the bankrupt's property shortly prior to the institution of the bankruptcy proceedings.

The petitioner Coleman & Company obtained a judgment against Ford Home

Furnishings Company, Inc., the bankrupt in this proceeding, on April 20, 1965, in the District of Columbia Court of General Sessions, for the sum of $2,200. Attorneys for the petitioner caused an execution to be issued and levied on the judgment by the United States Marshal on June 7, 1965. In connection with the issuance of the execution and the subsequent seizure of the bankrupt's property, the petitioner incurred expenses amounting to $1,273.50. On June 21, 1965, Ford Home Furnishings Company was adjudged a bankrupt. The petitioner has filed a claim for the above mentioned expenses and asserts a right to priority. The Referee denied the claim for reimbursement as a claim entitled to priority. The petition for review challenges this denial.

The Court is of the opinion that the ruling of the learned Referee was correct and should be sustained.

■■ Priority of claims in bankruptcy is governed solely by statute. The pertinent provisions of the Bankruptcy Act, 11 U.S.C. § 104, which enumerate classes of debts entitled to priority, list among them "the actual and necessary costs and expenses of preserving the estate *subsequent* to filing the petition;" (emphasis supplied). By necessary implication costs and expenses of preserving the estate prior to filing the petition are excluded.

It was so held by Judge Chesnut for the District of Maryland, in the case of In re Van Fossen, D.C., 80 F.Supp. 297, in disallowing sheriff's fees incurred by a creditor in levying execution on the bankrupt's property prior to bankruptcy.

The same result was reached in the Eastern District of New York by Judge Zavatt, in the case of In re Billelo, D.C., 171 F.Supp. 69, in declining to recognize as entitled to priority a claim for expenses incurred by a creditor in levying an attachment on the bankrupt's property prior to bankruptcy.

This Court concludes that the claim in question is not entitled to priority and,

therefore, the petition for review should be dismissed. The Court expresses no opinion on the question whether the claim for reimbursement may be allowed as a general unsecured claim.